USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,

  - against -

JEFFREY OKINE,

                        Defendant.
------------------------------------------------------------x

13 Cr. 416 (RMB)

**ORDER**

The Court has reviewed the record herein, including without limitation: (1) Joana Akitcher's letter application, dated May 20, 2020, written on behalf of Jeffrey Okine, requesting that the Court "pardon the rest of [Okine's] sentencing, in order to be granted an early release." See Letter at 1. Ms. Akitcher states that Okine "suffers from asthma and we are worried with the current corona virus that, he might end up catching it." Id.; and (2) the Government's response, dated June 22, 2020, opposing Okine's release and stating "given the violent nature of Okine's offense, his failure to exhaust his administrative remedies as required by Section 3582(c), and the letter's failure to set forth extraordinary and compelling reasons warranting Okine's release, that request should be denied." See Opp. at 1. The Government also provided Okine's BOP medical records in unredacted form to the Court for its review. **The Court denies Okine's application for a compassionate release, as follows:**

I. **Background**

On May 14, 2014, Okine pled guilty to Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 and brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). See Plea Hr'g Tr. On November 24, 2014, the Court sentenced Okine to 125 months imprisonment to be

1

followed by 5 years of supervised release. See Nov. 24, 2014 Judgment. Okine is incarcerated at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"). See Opp. at 2. His currently projected release date is August 2, 2022. Id.

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist if: (1) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

## III. Findings

The Court's findings are as follows:

2

1. "The Government has conferred with BOP regarding whether Okine has submitted any request for compassionate release, and is informed that BOP has received no such request." See Opp. at 5.  Compassionate release motions may be denied where, as here, administrative efforts not exhausted and waiver of statutory requirements is not warranted.  See, e.g., United States v. Brady, 2020 WL 2512100, at *2, No. 18 Cr 316 (PAC), (S.D.N.Y. May 15, 2020).

2. The Defendant, who is 28 years old, suffers from asthma, according to Ms. Akitcher. The Government acknowledges that people with moderate to severe asthma may be at higher risk of getting very sick from COVID-19 according to the Centers for Disease Control ("CDC"). See Opp. at 7.

3. As of August 3, 2020, it appears that 8 of the nearly 905 inmates at FCI and FDC Fairton have tested positive for COVID-19. See https://www.bop.gov/coronavirus/ (last visited August 3, 2020).

4. BOP medical records reflect that Okine is not currently suffering from asthma. See e.g, BOP Medical Records dated 12/10/15 ("last [asthma] attack 2009"); BOP Medical Records dated 5/1/5/17 (Okine "has a history of asthma. . . He says he doesn't need any medications for the asthma at this time."); BOP Medical Records dated 2/15/18 ("We noted there was a past diagnosis of asthma and we wanted to speak with [Okine] to make sure he has no ongoing symptoms of asthma.  He does not.  Review of systems were completely negative.  He is an avid exerciser and experiences no exercise-induced asthma or asthma symptomology."); see also United States v. Rodriguez, 2020 WL 1866040, at *4, No. 16 Cr. 167 (LAP), (S.D.N.Y. Apr. 14, 2020) ("[Defendant] has not set forth a basis to believe that there are extraordinary and compelling reasons for him to be released

3

early. All he has done is to note that he has asthma, he is in prison, and that there is a COVID-19 outbreak nationwide. That is not enough.").

5. Okine poses a danger to the community. See U.S.S.G. § 1B1.13. Among other things, Defendant pled guilty to Hobbs Act robbery and brandishing a firearm during the course of the Hobbs Act robbery. Not only did Okine brandish the firearm, but the firearm was discharged and an off duty police officer who was one of the victims of the robbery, was shot in the leg by Okine. See Sent Tr.; See also United States v. Gil, 2020 WL 2611872, No. 90 Cr. 306 (KMW), (S.D.N.Y. May 22, 2020) (compassionate release motion denied on danger grounds although defendant is 70, suffers from prediabetes, hypertension, hyperlipidemia and latent tuberculosis); United States v. Montevecchi, 2020 WL 3051335, No. 18 Cr. 15 (AKH), (S.D.N.Y. June 8, 2020) (compassionate release motion denied on danger grounds although defendant is 74, suffered a stroke, suffers from heart disease and kidney stones).

6. The compassionate release sentence reduction sought by Ms. Akitcher, on behalf of Okine, would result in a sentence which fails to satisfy the purposes of sentencing, including "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(a)-(c).

## IV. <u>Conclusion & Order</u>

Ms. Akitcheri's application, on behalf of Okine, for compassionate release is for the reasons stated above respectfully denied. The Court is filing under seal the Defendant's BOP medical records submitted to the Court for its review. See <u>United States v. Daugerdas</u>, 2020 WL 2097653, at *3 n.2, No. 09 Cr. 581 (WHP), (S.D.N.Y. May 1, 2020).

Dated: New York, New York
August 6, 2020



**RICHARD M. BERMAN, U.S.D.J.**